UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANNTUWNETTE JOHNSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:15CV1934HEA |
|  | ) |  |
| CAROLYN W. COLVIN, | ) |  |
| Acting Commissioner of | ) |  |
| Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383 (c)(3) of the final decision of Defendant denying Plaintiff's application for supplemental security income (SSI) benefits under Title XVI, 42 U.S.C. §§ 1381 *et seq*. For the reasons set forth below, the Court will reverse and remand the Commissioner's denial of Plaintiff's application.

### Facts and Background

On January 16, 2014 Administrative Law Judge Julie K. Bruntz conducted a hearing in the matter in West Des Moines, Iowa and in Creve Coeur, Missouri.

The hearing was recorded. Plaintiff appeared to testify. Plaintiff appeared with counsel. A vocational Expert, Carmen Mitchell, also appeared to testify. The Plaintiff was over 18 years old and IQ tests from 2009 revealed a full scale IQ of 74, verbal IQ of 77 and a full scale IQ of 75 on the WAIS-3.

Plaintiff testified she lived with her mother and 7 month old son. She further testified that she suffers from neurofibromatosis. It bothers her right foot and causes difficulty in standing for periods of time and aches a lot. She testified she has neurofibromas on her back and left thigh area. The ones on her back cause her to have back problems. She testified the one on her thigh is really sensitive and aches and swells up. Plaintiff also noted that she has neurofibromas on her head which cause her to have headaches. These headaches last for about two hours and prevent her from doing her daily activities.

Plaintiff further testified that she has difficulty focusing and completing tasks. As an example she cited sweeping the floor and cleaning the bathroom and noted that she might forget to sweep the floor even though that was her intent.

The ALJ heard testimony from Ms. Mitchell, a vocational expert. The Vocational Expert testified her testimony would be consistent with the Dictionary of Occupational Titles and if not she would so advise the ALJ, as well as state the basis for her opinion. She further testified upon hypothetical of the ALJ that if an individual was limited to simple, routine tasks she could return to past relevant

2

work. Furthermore, an individual with a high school education and younger and past work as noted in the record, had jobs available as a laundry worker which is medium unskilled, or housekeeper which is at the light unskilled level. There would also be jobs as a dining room attendant that is medium unskilled. The ALJ also included mental limitation and added the ability to push and pull, including the operation of hand and foot controls, would be unlimited within the weights of the exertional levels of medium, light, and sedentary. The ALJ also included that she could occasionally climb ramps and stairs, never climb ladders, ropes and scaffolds, occasionally balance, stoop, kneel, crouch and crawl, avoid hazards such as heights and dangerous machinery. The Vocational Expert concluded there would be jobs as a cafeteria attendant in the light exertional level. Also available would be a job as an inserting machine operator, which is light, unskilled and document preparer, which is sedentary, unskilled. Jobs as an addresser, stuffing and putting labels on envelopes would be available at the sedentary, unskilled level. Another job noted as available by Ms. Mitchell was that of a touch up screener, of the sedentary, unskilled variety. Lastly, she testified that positions as packing machine operator in the medium, unskilled level, were available for Plaintiff.

Finally, the Vocational Expert testified that if one had to work at a slow pace for one third of the day and /or was unable to concentrate for two hour segments none of the aforementioned jobs would be available and the person could not sustain the jobs or any work on a full time competitive basis.

The ALJ concluded that the Plaintiff had the severe impairments of borderline intellectual functioning and a history of neurofibromatosis Type I. The ALJ further concluded Plaintiff was not disabled.

The Appeals Council denied Plaintiff's request for review on November 3, 2015. The decision of the ALJ is now the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. The issues in this case are whether the ALJ's credibility assessment is supported by substantial evidence, whether the ALJ's step three finding is supported by substantial evidence, and whether the ALJ's RFC assessment is supported by substantial evidence. Also for consideration is the issue of whether the ALJ failed to properly address sufficient limitations of concentration, persistence and pace in the RFC.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant

5

does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to

other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and

7

medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704

(some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

## ALJ Decision

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful

9

activity through the date of the application, July 26, 2012. The ALJ found at Step Two that Plaintiff had the severe impairments of borderline intellectual functioning and history neurofibromatosis Type I. At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to perform a full range of work at all exertional levels but with additional limitations of simple, routine tasks, pushing and pulling including the operation of hand and foot controls would be limited within the sedentary, light and medium exertional demands; occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs but never climb ladders, ropes and scaffolds; must avoid hazards such as heights and dangerous machinery.

At Step Four it was the finding of the ALJ that Plaintiff is unable to perform any past relevant work.

Finally, at Step Five, the ALJ found that Plaintiff could perform other work that existed in significant numbers in the national economy. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought by her.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

**1. Did the ALJ Properly Address Sufficient Limitations of Concentration, Persistence and Pace in the RFC?**

Here, the ALJ found Johnson had a moderate limitation in the area of "maintaining concentration, persistence and pace". The ALJ then concluded that Johnson was limited to simple routine tasks, which did not address Johnson's pace limitations. The ALJ's finding was insufficient. (*citing Logan-Wilson v. Colvin*, 2014 WL 4681459, at *5-6 (E.D. Mo. Sept. 19, 2014); *Newton*, 92 F.3d at 691, 695; *Rojas v. Colvin*, 2013 WL 6669065, *2 (a limitation to simple, unskilled work did not incorporate a sufficient limitation in concentration, persistence or pace), *Porter v. Colvin*, 2015 WL 3843268, at *7 (W.D. Mo. June 22, 2015); *Leeper v. Colvin*, 2014 WL 4713280, at *10 (E.D. Mo. Sept. 22, 2014) (unskilled work did not encompass a limitation in concentration, persistence and pace); *Cain v. Colvin*, 2015 WL 2092411, *10 (E.D. Mo. May 5, 2015) ("The 'simple' and 'repetitive'

language failed to capture all of plaintiff's moderate difficulties in concentration, persistence or pace, despite the ALJ's own finding that plaintiff suffered from these limitations."). The reasoning from *Logan-Wilson* is especially applicable in this case because the court found that "while the tasks themselves may be simple and rote, the pace in which [Logan-Wilson] is to accomplish them is not accommodated by limitation." *Id.* An additional finding that Johnson could perform routine work did not address the pace with which she could perform those rote tasks.

Remand is appropriate for proper consideration of Plaintiff's mental RFC. *Denney v. Colvin*, 2016 WL 901695, *2 (W.D. Mo. Mar. 9, 2016) (reversal is warranted when the ALJ relied on a DDS opinion that included a moderate limitation in the ability to maintain attention and concentration for extended periods, but then "The fact that [a claimant] tries to maintain her home and does her best to engage in ordinary life activities is not inconsistent with her complaints of pain, and in no way directs a finding [of disability]." *Draper v. Barnhart*, 425 F.3d 1127 (8th Cir. 2005). In *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982), confirmed that the test for disability is whether the claimant has, "the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world."

The ALJ therefore failed to sufficiently explain how Plaintiff's activities of daily living supported a finding that Plaintiff could sustain the exertional requirements as noted by the ALJ. This is more than a mere "deficiency in opinion-writing…[which had] no practical effect on the outcome of the case". This was an "incomplete analyses" of the evidence, which should, "serve as a basis for remand." *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005).

**2. Did the ALJ Properly Determine Plaintiff's Residual Functional Capacity?**

The ALJ found that Plaintiff could perform simple, routine tasks at all exertional levels, with some additional postural and hazard limitations. The ALJ concluded from these things without in depth analysis as is required in these types of circumstances. The record is devoid of considered analysis which the conclusion deserves to support it on the record.

The ALJ has a, "duty to develop the record fully and fairly," even when the claimant is represented by counsel. *See Wilcutts v. Apfel*, 143 F.3d 1134, 1137-8 (8th Cir. 1998). The ALJ failed to provide sufficient analysis to support her theory that, in the real world, Plaintiff could, perform as concluded by the ALJ in her RFC assessment which necessarily referenced Plaintiff's limitations.

Here the ALJ failed to make probing inquiry to ascertain the limits, if any, of Plaintiff's functioning. The ALJ failed to ask "probing questions" to determine Plaintiff's exertional limitations, the location, duration, frequency and intensity of

Plaintiff's pain or other symptoms, factors that precipitated or aggravated the symptoms and any measures other than treatment Plaintiff used to relieve pain or other symptoms. *See* 20 CFR § 416.929(c); SSR 96-7p. This was not a mere "deficiency in opinion-writing…[which had] no practical effect on the outcome of the case." This was an "incomplete analyses" of the evidence, which should, "serve as a basis for remand." *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005).

## Conclusion

After careful examination of the record, the Court finds the Commissioner's determination as detailed above is not supported by substantial evidence on the record as a whole, and therefore, the decision will be reversed and remanded for further consideration.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is reversed pursuant to sentence four of 42 U.S.C. §405(g).

**IT IS FURTHER ORDERED** that this matter is remanded to the

Commissioner for further consideration of the record.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 4th day of November, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE